This case will be sufficiently understood from the opinion delivered in the Court of Appeals, which is as follows:
Harper, J.
We agree with the Chancellor on the principles of his decree, which are the subject of appeal. The Act of 1789 declares that executors and administrators shall annually, “ at the first Court to be held after the first day of January, render to the Court of the County, or Ordinary of the District,” an account, on oath, and if he “ shall neglect to render such annual accounts, he shall not be entitled to any commissions.’’ A distinct clause gives to executors and administrators a com-pensation, not exceeding fifty shillings in the hundred pounds, on all monies received and paid away. It is not a condition precedent to the allowing of commissions, that accounts shall be rendered: they are allowed on all sums received and paid away, subject only to be forfeited if he shall neglect to render accounts. In the case supposed by the Chancellor, where “ an executor or administrator conducts large pecuniary concerns of an estate, receives and pays away considerable sums of money, *53 enters them regularly in his book, and dies at or near the end of the year,” it cannot be said that he has neglected to return his account. The time for rendering the annual account had not arrived, and there was no neglect. From the necessity of the thing, the account can then be only rendered by his personal representative. As County Courts are no longer in existence, and as there are no stated times for holding the Court of Ordinary, the direction of the Act, that the account shall be rendered at the first Court to be held after the first day of January, can no longer have any effect; and it has long been settled in practice, that returns may be made at any time of the year. It has been also settled by repeated decisions, that if an executor or administrator makes returns for some years, and neglects to do so for others, he shall be allowed commissions for the years for which he makes returns, and for those only. It follows, that however long he may have neglected to render accounts, if he thinks proper at last to do so, he will be allowed commissions on the amounts received and- paid away for one year preceding the rendering of such account. Up to the time of his death, if John Howell had thought proper to make a return, he would have had commissions for one year preceding. And what John Howell, at the time of his death, might do, his administrator, representing him, had a right to do. As to the length of time within which an administrator of an administrator may, by making a return, entitle his intestate’s estate to commissions, that 1 think must be determined by the clause of the Act which provides that executors and administrators “shall be allowed twelve months to ascertain the debts due to and from the intestate, to be computed from the probate of the will or granting of letters of administration.” Of necessity, some time must be allowed, and there is no other limit than this. We think, then, that by making a return within one year after the probate or the granting of administration, the administrator of an administrator may entitle his intestate’s estate to commissions for the transactions of one year preceding the intestate’s death. It does not appear to us at what time administration *54 yras granted to the defendant, Jesse M. Howell. The return was made by him within pne year and one month after his intestate’s death ; the decree states the intestate to have died in October, 1825, and the return to have been made in November, 1826. It is very improbable, and barely possible, that administration may have been taken out in less than a month after his death. I must suppose this matter to have appeared to the Chancellor. The motion is, therefore, dismissed.'
JohnsoN and O’Neall, JJ., concurred.

Appeal dismissed.